IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MONSANTO COMPANY and MONSANTO
TECHNOLOGY, LLC,
      Plaintiffs,

v.

ROBERT TRIVETTE,
      Defendant.

Civil Action No. 4:07 cv 343-CDP

## MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW the Defendant, Robert Trivette ("Trivette"), by and through counsel, and moves the Court for partial summary judgment, pursuant to Fed.R.Civ.P. 56, on the Plaintiffs' unjust enrichment claim and on the Plaintiffs' claim for infringement of U.S. Patent No. RE39,247.

The Plaintiffs' state-law claim for unjust enrichment, pled solely on the basis of acts of alleged infringement, is preempted by the federal Patent Act, because the state-law claim either duplicates the remedies offered by the Patent Act or seeks to enlarge the scope of remedies available for infringement-type acts. As such Trivette is entitled to judgment as a matter of law on the unjust enrichment claim.

Trivette is also entitled to summary judgment of noninfringement of U.S. Patent No. RE39,247. Because the asserted patent is a reissue patent, only one of the thirteen asserted claims, claim 1, has an effective date prior to August 22, 2006, the date of the reissue. By the Plaintiffs' own definition, Trivette lacked the knowledge, skill, and equipment to isolate DNA as required by claim 1. All of the acts alleged to infringe the remaining claims occurred prior to the date of the reissue, and as such Trivette is entitled to statutory immunity on the basis of absolute intervening rights. Because Monsanto can show no facts that entitle them to relief on the infringement claim, Trivette is entitled to summary judgment of noninfringement of the asserted patent.

1

WHEREFORE, Trivette hereby moves the Court for partial summary judgment on the issues of unjust enrichment and infringement of U.S. Patent No. RE39,247.

Respectfully submitted, this 23rd day of June, 2008.

/s/ James M. Harrington
James M. Harrington
N.C. State Bar No.: 30005
The Harrington Practice, PLLC
10130 Mallard Creek Rd., Suite 110
Charlotte, NC 28262
Telephone:   (704) 315-5800
Facsimile:   (704) 625-9259
E-mail: jharrington@hprac.com
*Attorney for the Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and MONSANTO TECHNOLOGY, LLC,<br>    Plaintiffs,<br><br>    v.<br><br>ROBERT TRIVETTE,<br>    Defendant. | Civil Action No. 4:07 cv 343-CDP |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT

Monsanto Company and Monsanto Technology, LLC (collectively, "Monsanto"), have asserted five claims against the Defendant, Robert Trivette ("Trivette"). Trivette has moved the Court for summary judgment on the claims of infringement of U.S. Patent No. RE39,247 ("the '247 patent") and unjust enrichment. In support of that motion, Trivette, by his counsel, submits this Memorandum of Law. A statement of uncontroverted facts is being submitted herewith, consistent with Local Rules.

Summary judgment should be granted for a given claim when there is "no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1982).

**I.    Monsanto's state-law claim for unjust enrichment is pre-empted by the federal Patent Act.**

Monsanto asserts that Trivette was unjustly enriched by conduct "described in above-numbered paragraphs" and does not add any new factual allegations in its discussion of the

3

unjust enrichment count. Complaint, ¶¶ 32-36. The "above-numbered paragraphs" referenced are the paragraphs alleging patent infringement. Additionally, Monsanto asserts as the basis of its unjust enrichment claim that Trivette "illegally made, used, sold and offered to sell, or otherwise transferred unlicensed Roundup Ready® soybean seed, during at least 2006 in contravention of Monsanto's patent rights." *Id.*, ¶ 33. This language is identical to that of the federal patent infringement statute. *See* 35 U.S.C. § 271. Monsanto does not allege any incremental conduct or damages except those flowing from patent infringement. *See* Complaint, ¶¶ 32-36.

The Supremacy Clause of the U.S. Constitution renders ineffective a state law that conflicts with federal law. *See* U.S. Const. art VI, cl. 2; *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 168 (1989). There are three types of preemption: explicit preemption (in which federal law explicitly preempts state law), field preemption (in which Congress has indicated its intent to occupy a field exclusively), and conflict preemption (in which state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress"). *See Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1372 (Fed. Cir. 2005) (quoting *Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 262 (1979)). A state-law claim is pre-empted by federal patent law if such a claim frustrates the objectives of the federal law.[1] *See Bonito Boats*, 489 U.S. at 156. "Absent secrecy, state law cannot create a collateral set of rights available as an adjunct or expansion to patent rights." *Waner v. Ford Motor Co.*, 331 F.3d 851, 856 (Fed. Cir. 2003) (applying *Bonito Boats*, 489 U.S. at 156).

---

[1] The Patent Act does not explicitly preempt state law. *See* 35 U.S.C. §§ 1-376. Neither has Congress announced an intention to occupy the entire field of unjust enrichment law. *See University of Colorado Foundation v. American Cyanamid*, 196 F.3d 1366, 1371 (Fed. Cir. 1999). Thus conflict preemption is the only category of preemption to be considered.

4

The Federal Circuit has previously found unjust enrichment claims not to be preempted when the claim covered some incremental benefit received in addition to the benefit conferred by use of the patent. *See Univ. of Colorado Found. v. American Cyanamid*, 196 F.3d 1366 (Fed. Cir. 1999). But an unjust enrichment claim is preempted where the plaintiff claimed no incremental benefit beyond the benefits gained through infringement-type acts. *See Ultra-Precision*, 411 F.3d at 1380-81. In the present case, Monsanto's claim for unjust enrichment is based solely and explicitly upon acts of alleged infringement. *See* Complaint, ¶¶ 32-36. The unjust enrichment claim is therefore preempted by the Patent Act.

This is also the common-sense result. If Monsanto were to succeed on its infringement claims, a separate finding of unjust enrichment for the same conduct would result in additional damages without Monsanto having pled an incremental benefit, contrary to the Federal Circuit's holding in *Ultra-Precision*. By contrast, if Monsanto fails on its infringement claims, a finding of unjust enrichment for only the infringement-type conduct Monsanto has pled in its complaint would constitute an expansion of Monsanto's patent rights in direct contravention of the Supreme Court's holding in *Bonito Boats*.

The unjust enrichment claim will either rise and fall with the infringement claims, rendering it superfluous, or change the outcome or damages calculation, generating clear and reversible error. In either event, precedent establishes that it is preempted by the Patent Act. As such, Trivette is entitled to judgment on the unjust enrichment claim as a matter of law.

**II.   Trivette is entitled to summary judgment of noninfringement of Claim 1 of the '247 patent, because the evidence of record conclusively establishes that he has not "isolated" any DNA molecules.**

Claim 1 of the '247 patent recites:

5

> 1. An isolated DNA molecule which encodes an EPSPS enzyme having the sequence of SEQ ID NO:3.[2]

U.S. Pat. No. RE39,247, col. 156, lines 51-52. The parties have agreed that the terms of the patent are to be given their ordinary meaning as understood by one skilled in the art, and neither party has sought to have the term "isolated" given any particular construction. *See* Doc. No. 30.

Although the '247 patent does not define the term "isolated," the specification does use the words "isolate," "isolation," and "isolated" in multiple locations, all in contexts that leave its meaning indisputably clear: "isolated DNA" refers to DNA that has been removed from its natural context. *See* '247 patent, col. 11, lines 8-9 ("the following description of the isolation of genes encoding Class II EPSPS enzymes is directed to the isolation of such a gene"); col. 20, line 26 ("Isolate 1700bp aroE fragment"); col. 22, line 26 ("Alternative isolation protocols"). These uses of the term, and many others, are surrounded by technical descriptions of laboratory procedures for separating the desired genetic material from other materials.

Additionally, Monsanto has admitted that this is the proper construction of the term. "Isolated has its plan [*sic: plain*] meaning as set out in the patent application. In the context of Claim 1 isolated means to have been removed from the context in which the DNA molecule was found in nature and is in a substantially purified form." *See* Exh. C. This meaning is consistent with the ordinary English meaning of the terms "isolated" ("occurring alone or once") and "isolate" ("to select from among others; *especially*: to separate from another substance so as to obtain pure or in a free state"). *See* Exh. E.

By simple word substitution, using Monsanto's admitted construction of the term "isolated," claim 1 means "A DNA molecule that has been removed from the context in which it

---

[2] SEQ ID NO:3 refers to a particular DNA sequence disclosed in the '247 patent.

was found in nature and that is in a substantially purified form, which encodes an EPSPS enzyme having the sequence of SEQ ID NO:3."

In order to infringe claim 1, Trivette would have had to have made, used, sold, or offered to sell a DNA molecule that has been removed from its natural context and that is in a substantially purified form.

It is undisputed, and Monsanto can forecast no evidence otherwise, that Trivette lacks the ability to isolate DNA by removing it from its natural context or to place it in a substantially purified form.[3]  Neither can Monsanto show that Trivette actually did make, use, sell, or offer to sell an isolated, purified DNA molecule that encodes the specified sequence.  At best, Monsanto contends that Trivette grew soybeans that contain DNA that encodes the specified enzyme, but that DNA is <u>integrated</u> with the soybeans, <u>not</u> isolated, <u>not</u> removed from its natural context, and <u>not</u> purified.  As such, Trivette is entitled to judgment as a matter of law that he did not infringe claim 1 of the '247 patent.

### III. The remainder of the asserted claims of the '247 patent have an effective date after which Trivette has planted only conventional soybean seeds.

The '247 patent is a reissue of U.S. Patent No. 5,663,435 (the '435 patent).  On July 18, 2003, noting that the '435 patent was defective for having claimed more than that to which it was entitled, Monsanto applied to have the '435 patent reissued with a narrowed claim scope.  The result of that application was the '247 patent, in which some of the 87 claims of the '435 patent were canceled or narrowed and 62 new claims were added, all of which were narrower than the broadest claims of the '435 patent.

---

[3] Trivette holds a high school diploma, possesses no DNA-handling equipment, and has no knowledge, skill, or training with regard to the isolation of DNA.  An affidavit to this effect will be produced if Monsanto seriously disputes these facts.

When a patent is reissued, the defective patent is surrendered to the patent office. *See* 35 U.S.C. § 251. Any infringement contentions arising from the defective claims are likewise surrendered, although the statute provides for some continuity. "To ameliorate the harsh effect of a patent's surrender, Congress has legislated that under certain circumstances claims of the original patent have a form of continuity if carried over to the reissue patent." *Seattle Box Co, v. Industrial Crating & Packing, Inc.* 731 F.2d 818, 827 (Fed.Cir. 1984). Thus, the fact that a patent was reissued does not terminate infringement actions based upon claims that appeared in both the original patent and the reissue. *See* 35 U.S.C. § 252. As to new or amended claims, however, an infringement action is subject to two intervening rights, one absolute and one equitable:

> No reissued patent shall abridge or affect the right of any person [...] who made, purchased or used prior to the grant of a reissue anything patented by the reissue patent, to continue the use of, or to sell to others to be used or sold, the specific thing so made, purchased or used, unless the making, using or selling of such thing infringes a valid claim of the reissued patent which was in the original patent.
>
> The court before which such matter is in question may provide for the continued manufacture, use or sale of the thing made, purchased or used as specified, or for the manufacture, use or sale of which substantial preparation was made before the grant of the reissue, and it may also provide for the continued practice of any process patented by the reissue, practiced, or for the practice of which substantial preparation was made, prior to the grant of the reissue, to the extent and under such terms as the court deems equitable for the protection of investments made or business commenced before the grant of the reissue.

35 U.S.C. § 252.

In the present case, Monsanto has asserted Claim 1 and twelve other claims of the reissued patent. Claim 1 was not amended, and thus Trivette does not have intervening rights with respect to claim 1.[4] However, all of the remaining claims are new additions to the reissue patent. As a matter of law, Trivette could not infringe them by any act undertaken prior to

---

[4] Trivette has not infringed claim 1, as noted in section II, *supra*.

8

August 22, 2006. Monsanto may assert that the sale of his crop after that date was an infringement of those claims, but all of the soybeans harvested after that date were in existence prior to that date, having been planted several months before, in April or May of 2006. As such, Trivette's absolute intervening rights immunize him from claims of infringement of the claims that were newly added in the reissue dated August 22, 2006.

## CONCLUSION

In view of all of the foregoing, it is respectfully submitted that Trivette is entitled to summary judgment of noninfringement of the '247 patent and to summary judgment on Monsanto's claim of unjust enrichment.

Respectfully submitted, this the 23rd day of June, 2008.

/s/ James M. Harrington
James M. Harrington
N.C. State Bar No.: 30005
The Harrington Practice, PLLC
10130 Mallard Creek Rd., Suite 110
Charlotte, NC 28262
Telephone:   (704) 315-5800
Facsimile:   (704) 625-9259
E-mail: jharrington@hprac.com
*Attorney for the Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion is being electronically filed on the date indicated using the Clerk's CM/ECF system, which will send notice of the electronic filing to counsel of record for the Plaintiffs.

June 23, 2008                                                /s/James M. Harrington
                                                             James M. Harrington

9